UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X
Nakami Hope Felix,                                                    Fifth Amended
                                        Plaintiff,                         Complaint

   -against-                                                            CIVIL ACTION

P.O. Garry Lamour, Shield 30321, Sgt. James Aitken, Shield 0198;
PO John Doe, 1-5, Police Officers Jane Doe 6-10Doe, NYC, et al.

                                        Defendants.          14CV9455(AT)(HBP)
_____X
NOW COME the Plaintiff, Nakami Hope Felix, hereinafter Plaintiff Felix, by and

through his attorney, D. Andrew Marshall, Esq. for his Complaint against the

Defendants, respectfully shows to this Court and allege:

PRELIMINARY STATEMENT

1. This is a civil rights action in which the Plaintiff seeks relief for the Defendants'

violations of his rights, privileges and immunities secured by the Civil Rights Act of

1871, Title 42 of the United States Code §1983, by the First, Fourth, Fifth, and

Fourteenth Amendments to the Constitution of the United States, and the Constitution

the State of New York, as well as the Charter, rules, regulations and ordinances of the

City of New York.

2. Plaintiff brings this action seeking actual, general, special, compensatory and punitive

damages against the defendants, and attorney's fees, costs, expert's fees and

disbursements pursuant to 42 U.S.C. § 1988 for violations of his civil rights by the

defendants, their agents, servants and/or employees, while acting under color of law.

3. Plaintiff also asserts supplemental state law tort claims.

1

4. On or about November 8, 2013 at around 5:30 p.m. in the vicinity of IRT 4/5/6 subway turnstile at the Chambers and Centre Street subway station, within the confines of the Transit Division District 2, City, County and State of New York, hereinafter "subject location," P.O. Garry Lamour, Shield 30321, hereinafter Defendant Lamour, without a credible reason, without reasonable suspicion or probable cause, did violate Plaintiff Felix's constitutional and statutory rights under the laws of the United States and the State of New York, and otherwise.

5. On or about November 8, 2013 at around 5:30 p.m. at the subject location Defendant Lamour, without a credible reason, without reasonable suspicion or probable cause, stopped, searched and seized Plaintiff Felix with excessive force.

6. On or about November 8, 2013 at around 5:30 p.m. at the subject location Defendant Lamour, without a credible reason, without reasonable suspicion or probable cause, falsely charged, assaulted and battered, illegally and unconstitutionally searched, falsely arrested, and falsely imprisoned Plaintiff Felix for approximately 3 days before transporting him to the New York County Central Bookings.

7. Although Sgt. James Aitken, was present in the capacity of a supervisor, and although Sgt. James Aitken knew or had reason to know that Plaintiff Felix had not committed a crime, he authorized Claimant's arrest.

8. Sgt. James Aitken abdicated his authority and responsibilities under Patrol Guide and under the laws of the State of New York.

9. Defendant Lamour thereafter maliciously prosecuted Plaintiff Felix in the Criminal Court of the City of New York, New York County was under People v. Nakami Hope Felix, Docket Number 2013NY085697.

10. The criminal charges against Plaintiff Felix were dismissed by the New York County District Attorney after multiple court appearances and after an MTA video surveillance tape surfaced thereby compelling Defendant Lamour to recant the said false allegations.

11. Upon information and belief, the City of New York, the NYPD and the Transit Division District 2, specifically, were aware of Defendant Lamour's and patrolling police officers' practice of randomly stopping, and seizing its minority citizenry and as such the practice has become a custom and policy within the NYPD.

12. Upon information and belief, the City of New York, the NYPD and the Transit Division District 2, specifically, condoned the practice.

13. Upon information and belief, the City of New York, the NYPD and the Transit Division District 2, specifically, customarily doled out nominal disciplinary action, if any, against police officers who violate the rights of those similarly situated as Plaintiff Felix.

14. Defendant NYC is liable for the individual Defendants' acts under the theory of respondeat superior.

15. At the time of the incident, the Defendant Police Officers were acting under color of state law in the course and scope of their employment at the Defendant NYC and/or NYPD, a department of the Defendant NYC.

16. Alternatively, if, the individual Defendant Police Officers were not acting under color of state law in the course and scope of their employment, agency and service, they were negligently acting beyond the scope of their duty as police officers.

17. As a result of the aforementioned deprivations, Plaintiff Felix suffered damages, including derivation of rights, privileges and immunities as well as physical, emotional, mental and psychological pain and suffering.

18. The Defendants herein are collectively and individually responsible for the deprivation of rights, privileges and immunities and other damages visited upon Plaintiff Felix.

<u>JURISDICTION</u>

19. That jurisdiction is founded upon the existence of a Federal Question.

20. That jurisdiction is founded upon U.S.C. §1331 and §1343(3) and (4), this being an action authorized by law to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. §1983.

21. That this is an action to redress the deprivation under color of statute, ordinance, regulation, custom or usage of a right, privilege, and immunity secured to Plaintiff by the First, Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States, 42 U.S.C. §1983 and arising under the laws and statutes of the State of New York.

22. Plaintiff further invokes this Court's jurisdiction pursuant to 28 U.S.C. §1367, over any and all State law claims and causes of action which derive from the same nucleus of

operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

23. The amount in controversy exceeds, exclusive of interest and costs, the sum or value of seven-five thousand ($75,000.00) dollars.

<u>VENUE</u>

24.Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c) because the claim arose in this district.

<u>JURY DEMAND</u>

25. Plaintiff demands a trial by jury in this action.

<u>PLAINTIFF's INJURIES AND DAMAGES</u>

26. As a direct and proximate consequence of the aforementioned actions by the Defendants, Plaintiff:

a) Was deprived of his state and federal constitutional rights, liberties, privileges and immunities;

b) Suffered severe emotional and mental anguish and pain;

c) Suffered psychological injuries;

d) Suffered physical injuries;

e) Was publically shamed, disgraced, ridiculed and humiliated and suffered damage to his reputation;

5

f) Continues to suffer severe emotional and mental anguish and pain;

g) Incurred other items of attendant damages.

PARTIES:

27. Plaintiff Felix is a citizen of the State of New York within the jurisdiction of this court.

28. Upon information and belief, at all times hereinafter mentioned, the Defendant the City Of New York, hereinafter "Defendant NYC" was and still is a body corporate and politic, constituting a municipal corporation duly organized and existing under and by virtue of the laws of the City and State of New York.

29. Upon information and belief, at all relevant times mentioned herein, Defendant NYC, its departments, agents, servants, and/or employees, owned, operated, maintained, managed, supervised, directed and/or controlled divisions of the NYPD, including, but not limited to the Transit Division District 2, as well as the Police Officers, assigned and/or stationed thereat.

30. Upon information and belief, at all times hereinafter mentioned, on or about November 8, 2013, and at all other relevant times, Defendant P.O. Garry Lamour, Shield 3032, hereinafter "Defendant Lamour," was employed by Defendant NYC and NYPD at the Transit Division District 2, as a Police Officer. He is sued in his individual and official capacities.

31. Upon information and belief, at all times hereinafter mentioned, on or about 11/8/13, and at all other relevant times, Defendant Sgt. James Aitken, Shield #0198

6

hereinafter "Defendant Sgt. Aitken," was employed by Defendant NYC and NYPD at the Transit Division District 2, as a Police Officer with the rank of Sgt. with first line supervisory responsibilities duties. He is sued in his individual and official capacities.

32. At all times mentioned herein, Defendant Sgt. Aitken had direct first-line supervisory responsibilities for taking appropriate measures to ensure and protect the civil rights and personal safety of members of the public in general and Plaintiff Felix in particular, who came into contact with the officers at the Transit Division District 2.

33. These responsibilities were required to be carried out in a manner consistent with the laws and mandates that govern and control the Defendant NYC and NYPD, including City and NYPD directives and orders concerning: the use of force, the reporting of the use of force, reporting and classifying arrests; the provisions of and access to medical care, treatment and services; and otherwise.

34. Upon information and belief, on 11/8/13, and at all other relevant times, Defendant Police Officers John Doe 1-5, hereinafter "Defendants Doe 1-5," were employed by Defendant NYC and NYPD at the Transit Division District 2, as Police Officers. They are sued in their individual and official capacities.

35. Upon information and belief, on 11/8/13, and at all other relevant times, Defendants Police Officers Jane Doe 6-10, hereinafter "Defendants Doe 6-10," were employed by Defendant NYC and NYPD at the Transit Division District 2, as Police Officers. They are sued in their individual and official capacities.

36. As used herein, the term "Police Officer" is intended to refer to NYPD officers in the general and not to any specific rank, title, or position.

7

37. Defendants Doe 1-10 were employed by Defendant NYC, as Police Officers or supervisors, whose true names and shield numbers are presently unknown to Plaintiff.

38.The Defendant Police Officers are those officers employed by Defendant NYC and/or NYPD who conspired to and in fact did violate Plaintiff's civil and constitutional Case.

STATEMENT OF FACTS:

39. Upon information and belief, on about the evening of November 8, 2013 Defendant Lamour was on patrol at the NYC Transit Authority IRT No. 4/5/6 subway line at Brooklyn Bridge as part of his regular and official employment as a police officer for the Defendant NYC and NYPD.

40. On about the evening of November 8, 2013 Plaintiff Felix along with a school-mate were students at a New York City Board of Education High School who then and there were in possession of a legitimate and operable New York City Board of Education issued MTA metro-card.

41. On about the evening of November 8, 2013 Plaintiff and his school-mate entered the NYC Transit Authority IRT No. 4/5/6 subway line at Brooklyn Bridge passing through the turnstile having utilized their aforementioned New York City Board of Education issued MTA metro-cards.

42. On about the evening of November 8, 2013 Defendant Lamour followed Plaintiff Felix and his classmate onto the area beyond the aforementioned turnstile, stopped them and demanded identifications and/or their aforementioned New York City Board of Education issued MTA metro-cards.

8

43. On about the evening of November 8, 2013 Plaintiff Felix complied and presented his credentials to Defendant Lamour.

44. On about the evening of November 8, 2013 Plaintiff Felix's classmate inquired as to the reason the stop before surrendering his credentials.

45. On about the evening of November 8, 2013 the Defendant Lamour seized Plaintiff Felix and his classmate credentials.

46. On about the evening of November 8, 2013 Defendant Lamour, thereafter seized Plaintiff's classmate, having rear-cuffed him, for dubious reasons.

47. On about the evening of November 8, 2013 Plaintiff Felix, with cellular-telephone in hand, immediately began to video-tape the subsequent sequence of events, to wit, Defendant Lamour's plain-view stop and seizure of Plaintiff's classmate.

48. On about the evening of November 8, 2013 Plaintiff never interfered with the aforementioned stop and seizure of Plaintiff's classmate, having maintained several feet between himself and Defendant Lamour.

49. Upon information and belief Defendant Lamour objected to Plaintiff Felix exercising his right to video-tape a plain-view public stop, search and seizure of his classmate.

50. Upon information and belief Defendant Lamour called for backup or for the assistance of a supervisor.

51. On about the evening of November 8, 2013 Defendant Lamour removed Plaintiff's classmate to a wall away from the site of the initial encounter, but still same side of the turnstile where the incident ensued.

9

52. On about the evening of November 8, 2013 Plaintiff Felix continuously videotaped Defendant Lamour seizure of Plaintiff's classmate without once having physical contact with Defendant Lamour or Plaintiff's classmate.

53. On about the evening of November 8, 2013, after about 15 minutes of waiting, Defendant Lamour removed Plaintiff's classmate from beyond the turnstile towards the subway exit.

54. On about the evening of November 8, 2013, Plaintiff followed Defendant Lamour maintaining several feet behind him as he moved Plaintiff's classmate from one location to the other, still continuously recording the sequence of events on his cellular telephone.

55. On about the evening of November 8, 2013, Defendant Plaintiff Felix never initiated contact with Defendant Lamour or otherwise interfered with the arrest that was then and there in progress.

56. On about the evening of November 8, 2013, upon arrival at or near the stairway exit, Defendant Lamour and his prisoner came to a halt.

57. On about the evening of November 8, 2013, upon arrival at or near the stairway exit, Plaintiff Felix came to a halt approximately 10-15 feet away from Defendant Lamour, while still recording the events.

58. On about the evening of November 8, 2013, upon arrival at or near the stairway exit, Defendant Lamour, with a running start, charged and tackled Plaintiff Felix to the ground, knocking his cellular phone from his hand, then dragged him across the ground and arrested him for dubious reasons.

10

59. On about the evening of November 8, 2013, Defendant Lamour tackled Plaintiff Felix in an effort to falsely arrest and curtail his rights.

60. On about the evening of November 8, 2013, Defendant Sgt. Aitken arrived soon thereafter, arrived along with Defendant John Doe 1-5, and or Jane Doe 6-10 and authorized Plaintiff Felix's arrest.

61. On about the evening of November 8, 2013, Defendant Sgt. Aitken, Defendant Lamour, Defendant John Doe 1-5, and or Jane Doe 6-10 recovered the aforementioned cellular phone from the ground which recorded the events prior to his stop and seizure.

62. On about the evening of November 8, 2013, Defendant Lamour "perp-walked" Plaintiff Felix from the NYC MTA train station to a waiting police transport vehicle.

63. On about the evening of November 8, 2013, Defendant Lamour placed Plaintiff Felix into a transport vehicle driven by Defendant John Doe 1-5, and or Jane Doe 6-10 whom criticized Plaintiff Felix and his classmate for having exercised their rights before transporting them to a nearby precinct.

64. On about the evening of November 8, 2013, Defendant John Doe 1-5, and or Jane Doe 6-10 mocked Plaintiff Felix for exercising his rights.

65. On about the evening of November 8, 2013, when the Defendant Lamour arrived at the Precinct with Plaintiff Felix, he falsified reports that the Plaintiff Felix herein had violated the law, including, but not limited to, physically interfering with the aforementioned arrest.

66. That at all relevant times, Defendant Lamour knew or had reason to know that Plaintiff Felix had not violated the law.

67. That Defendant Lamour, without probable cause, reasonable suspicion or other legal reasons, nonetheless proceeded to falsely arrest Plaintiff Felix and charged Plaintiff Felix various crimes.

68. That at all relevant times the Plaintiff was unarmed, unthreatening and unequivocally innocent of any crime, had not violated or breached any law, code, regulation, ordinance, statute or otherwise in effect on said date and time.

69. Upon information and belief, Defendant Lamour, Defendant John Doe 1-5, and or Jane Doe 6-10 deliberately or negligently delayed processing Plaintiff Felix's arrest resulting in a 3 day lapse between arrest and arraignment.

70. On about the evening of November 8, 2013, Defendant Lamour kept Plaintiff Felix incommunicado during the said 72 hour period.

71. Upon information and belief, Plaintiff Felix recovered the aforementioned cellular telephone from the Defendant Police Officers, however all videos and all photos were erased.

72. Upon information and belief, Defendant Lamour, and or Defendant John Doe 1-5, and or Jane Doe 6-10 without permission or authority, deleted Plaintiff's entire photographic and video catalogue from the aforementioned cellular telephone in an effort to destroy evidenced.

12

73. That as a consequence of the Defendant Lamour's conscious acts and deliberate omissions, Plaintiff Felix was made to answer fabricated charges before the Criminal Court of the City of New York, New York.

74. Upon information and belief, Defendant Lamour swore out a criminal court complaint and maliciously prosecuted Plaintiff Felix under Docket Number 2013NY085697.

75. That it was only when MTA surveillance tape surfaced that Defendant Lamour recanted his false allegations against Plaintiff Felix resulting in the New York County District Attorney dismissing the charges in favor of Plaintiff Felix.

76. That as a consequence of the Defendant Police Officers' conscious acts and deliberate omissions, Plaintiff Felix was falsely arrested, falsely imprisoned in the Transit Division District 2, and New York County Central Bookings, and otherwise deprived of his civil and constitutional rights, privileges and immunities.

77. That as a consequence of the Defendant Police Officers' conscious acts and deliberate omissions, the Plaintiff was maliciously prosecuted.

78. That at all relevant times, the Defendant Police Officers were malicious and reckless in their actions towards the Plaintiff because they knew that the Plaintiff was wholly innocent, but they nevertheless falsely imprisoned, falsely arrested and maliciously prosecuted the Plaintiff without any conduct on the part of the Plaintiff to so warrant.

79. The Defendant Police Officers' action arises under the United States Constitution, particularly under provisions of the First, Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States, and under federal law, particularly the Civil Rights

Acts, Title 42 of the United Code, §1983 as well as the rights under the Constitution and laws of the State of New York.

80. Each and all of the acts of the Defendant Police Officers alleged herein were done by the defendants, their agents, servants and employees, and each of them, not as individuals, but under the color and pretense of the statutes, ordinances, regulations, customs and usages of the State of New York, the City of New York and under the authority of their office as Police Officers of said state, city and county.

81. Each and all of the acts of the Defendant Police Officers alleged herein were undertaken by said Defendants while acting in the course and scope of their duties and functions as agents, assignees, employees, servants, or officers of Defendant NYC and NYPD when engaging in the conduct described herein.

82. Each and all of the acts of the Defendant Police Officers alleged herein were undertaken by said Defendant Police Officers in furtherance of their employment by Defendant NYC and NYPD with the power and authority vested in them as officers, agents and employees of Defendant NYC and NYPD and/or incidental to the lawful pursuit of their duties as officers, agents, assignees, employees, or servants, of Defendant NYC and NYPD.

83. Each and all of the Defendant Police Officers were acting under the direction, supervision, authority and/or control of Defendant NYC and/or NYPD, agents, servants, and/or employees.

84. Upon information and belief, Defendant NYC and NYPD remains the public employer of the named Defendant Police Officers.

14

85. The individual Defendant Police Officers' acts and omissions herein complained of were carried out in gross disregard of Plaintiff's rights.

86. At all relevant times, the individual Defendant Police Officers were engaged in a joint venture, assisting each other in performing the various actions described herein and lending their physical presence and support and the authority of their offices to one another.

<u>PENDANT STATE CLAIMS:</u>

87. That Notice of the Plaintiff's Claim and Notice of Intention to Sue for Damages for false arrest and otherwise has been served upon the Comptroller of Defendants the City of New York.

88. That pursuant to §50(h) of the General Municipal Law hearings have been held.

89. That this action is commenced within one year and 90 days after the cause of action arose.

<u>FIRST CAUSE OF ACTION: CIVIL RIGHTS ACTION 42 USC §1983 ARREST</u>

90. Plaintiff Felix hereby repeats, reiterates and re-alleges each and every allegation each and every allegation contained in the proceeding paragraphs with the same force and effect set forth herein, further alleges:

91. At all times relevant herein, the Defendant Police Officers were subject to 42 USC §1983.

92. Acting under the color of law, the Defendant Police Officers worked a denial of Plaintiff Felix's rights, privileges and immunities secured by the United States Constitution or Federal Law, to wit:

a) By depriving Plaintiff Felix of his liberty without due process of law, by taking him into custody and detaining him against his will;

b) By performing an unreasonable search of Plaintiff Felix's person without due process of law;

c) By conspiring for the purpose of impeding and hindering the due course of justice, with intent to deny Plaintiff Felix equal protection of the law, and;

d) By refusing or neglecting to prevent such deprivation and denials to Plaintiff Felix.

93. The Defendant Police Officers acted with deliberate indifference to Plaintiff Felix's rights, privileges and immunities.

94. As a direct and proximate result of the Defendant Police Officers' acts and omissions, Plaintiff Felix was deprived of his rights, privileges and immunities under the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

95. That at all relevant times, Defendant Police Officers separately, and in concert, while acting under color and pretense of law and with deliberate indifference:

a) falsely detained, arrested and imprisoned Plaintiff Felix;

b) subjected Plaintiff Felix to excessive force;

c) filed a false arrest report and corresponding NYPD complaint in order to further detain him;

d) gave knowingly false statements or testimony in or for a criminal proceeding in order to prosecute him;

e) failed to intercede on behalf of Plaintiff Felix to prevent the Constitutional violations aforesaid, despite having an opportunity to do so;

f) denied Plaintiff Felix equal protection of the law;

g) engaged in a cover-up in order to conceal the wrongful and unlawful conduct taken against Plaintiff Felix,  and;

h) deprived Plaintiff Felix of liberty without due process of law.

96. The Defendant Police Officers, by reasonable diligence, could have prevented the aforementioned wrongful acts from being committed.

97. The Defendant Police Officers, by reasonable diligence, could have mitigated Plaintiff Felix's injuries had they intervened in the aforementioned unlawful conduct and/or protected Plaintiff.

98. That the aforesaid actions and omissions violated 42 U.S.C. §1983.

99. That as a result of the foregoing, Plaintiff Felix is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

SECOND CAUSE OF ACTION: CIVIL RIGHTS ACTION 42 USC §1983
<u>REFUSING OR NEGLECTING TO PREVENT</u>

100. Plaintiff Felix hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

101. At all times relevant to this complaint, the Defendant Police Officers were acting under the direction of the Defendant Sgt. Aitken and Defendant NYC.

102. Acting under the color of law and pursuant to the official policy or custom of the Defendant NYC and NYPD, Defendant Sgt. Aitken knowingly, recklessly or with gross negligence failed to instruct, supervise, control, and discipline on a continuing basis the Defendant Police Officers under his charge to refrain from:

a) Unlawfully and maliciously arresting, imprisoning and prosecuting citizens who are acting in accordance with their constitutional and statutory rights, privileges and immunities,

b) Conspiring to violate the rights, privileges and immunities guaranteed to Plaintiff by the Constitution and the laws of the United States and the law of the State of New York, and;

c) Otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities.

103. Those individual Defendant Police Officers that were present, but did not actively participate in the aforementioned unlawful conduct, observed such conduct; had an

opportunity to prevent such conduct; had a duty to intervene, mitigate and/or stop the events alleged herein.

104. Those individual Defendant Police Officers that were present, but did not actively participate in the aforementioned unlawful conduct, failed to, inter alia, report the unlawful conduct alleged herein to supervisors.

105. Those individual supervising Defendant Police Officers who were present, but did not actively participate in the aforementioned unlawful conduct, failed to investigate, sanction, and/or discipline any participant.

106. As a direct and proximate result of this unlawful conduct, Plaintiff Felix sustained the damages herein alleged.

107. That as a result of the foregoing, Plaintiff Felix is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

<u>THIRD CAUSE OF ACTION: MALICIOUS PROSECUTION</u>

108. Plaintiff Felix hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect set forth herein, further alleges:

109. The Defendant Police Officers, while acting under color of law, in the performance of their employment and within the scope of their authority, initiated and continued a criminal proceeding against Plaintiff Felix in the Criminal Court of City of New York, County of New York.

110. The proceeding was terminated in Plaintiff Felix's favor.

111. The Defendant Police Officers knew or had reason to know that they lacked probable cause to initiate a criminal proceeding against Plaintiff Felix.

112. That the Defendant Police Officers deliberately testified falsely, withheld vital information, offered false affidavits or other such writings to the Criminal Court.

113. That by reason of the malicious prosecution, Plaintiff Felix was unreasonably deprived of the rights, liberties and immunities secured to him under law and has been otherwise damaged.

114. That as a result of the foregoing, Plaintiff Felix is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

<u>FOURTH CAUSE OF ACTION: MALICIOUS ABUSE OF PROCESS</u>

115. Plaintiff Felix hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect set forth herein, further alleges:

116. The Defendant Police Officers issued legal process to place Plaintiff Felix under arrest.

117. The Defendant Police Officers arrested Plaintiff Felix in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to obtain more arrests, to obtain more indictments, to obtain more convictions, to obtain overtime pay, and to obtain promotions within their respective agencies, among other things.

118. The Defendant Police Officers acted with intent to do harm to Plaintiff Felix without excuse or justification.

119. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein alleged.

120. That as a result of the foregoing, Plaintiff Felix is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

FIFTH CAUSE OF ACTION: SUPERVISORY LIABILITY UNDER 42 U.S.C. § 1983

121. Plaintiff Felix hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

122. Upon information and belief, on November 8, 2013 at all times relevant and material to this case, Defendant Sgt. Aitken had direct first-line supervisory responsibilities for taking appropriate measures to ensure and protect the civil rights and personal safety of members of the public in general and the Plaintiff in particular, who came into contact with the officers under his command.

123. These responsibilities were required to be carried out in a manner consistent with the laws and mandates that govern and control the Defendant NYC and NYPD, including City and NYPD directives and orders.

124. Defendant Sgt. Aitken was present at the subject location on the date and time of occurrence giving rise to this claim.

21

125. At all times relevant to this complaint, the Defendant Police Officers were acting under the direction of the Defendant Sgt. Aitken and Defendant NYC.

126. Acting under the color of law and pursuant to the official policy or custom of the Defendant NYC, Defendant Sgt. Aitken failed to instruct, supervise, control, and discipline on a continuing basis the Defendant Police Officers under his charge with respect to:

a) Unlawfully and maliciously arresting, imprisoning and prosecuting citizens who are acting in accordance with their constitutional and statutory rights, privileges and immunities,

b) Conspiring to violate the rights, privileges and immunities guaranteed to Plaintiffs by the Constitution and the laws of the United States and the law of the State of New York, and;

c) Otherwise depriving Plaintiff of his constitutional and statutory rights, privileges and immunities.

127. Defendant Sgt. Aitken personally caused Plaintiff's deprivations and damages by being deliberately or consciously indifferent to the rights of Plaintiff in failing to properly supervise his subordinate employees regarding the care and custody, investigation and safeguarding of Plaintiff from abuse.

128. Defendant Sgt. James Aitken personally caused Plaintiff's deprivations and damages by being deliberately or consciously indifferent to the rights of Plaintiff in failing to properly supervise his subordinate employees regarding the adequate and proper marshaling of evidence.

22

129. Defendant Sgt. Aitken personally caused Plaintiff's deprivations and damages by being deliberately indifferent to his subordinates' abuse of authority manifested by, inter alia, above mentioned stop, search and seizure of Plaintiff Felix without probable cause, reasonable suspicion or legal basis.

130. As a direct and proximate result of this conduct, Plaintiff sustained the damages herein alleged.

131. That as a result of the foregoing, Plaintiff is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

<u>SIXTH CAUSE OF ACTION: MUNICIPAL LIABILITY</u>

132. Plaintiff Felix hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

133. Defendant NYC and the NYPD, through its senior officials at the central office and in each of its precincts, promulgates and implements policies, including those with respect to racial profiling, stop and frisk, use of force, reporting and investigating the use of force by staff, and provision and access to medical and other programs and services mandated by local law and court orders.

134. Rather than adopt and enforce policies necessary to prevent constitutional violations, Defendant NYC, through its agents, has enforced, promoted, encouraged and sanctioned a policy, practice and/or custom of roving pedestrian checkpoints for general

23

crime control and indiscriminate stops, retaliatory stops, searches and seizures of persons, including without limitation Plaintiff Felix.

135. Defendant NYC has enforced, promoted, encouraged and sanctioned a policy, practice and/or custom of stopping, searching, questioning, and seizing, individuals without the reasonable articulable suspicion of criminality as required by the Fourth Amendment to the United States Constitution.

136. Defendant NYC has enforced, promoted, encouraged and sanctioned a policy, practice and/or custom of arresting and prosecuting individuals, including without limitation Plaintiff Felix, without probable cause to establish that a criminal offense has been or is being committed.

137. Defendant NYC has unlawfully vitiated the rights, privileges and immunities of a class or demographic segment within New York City, including without limitation Plaintiff Felix.

138. Defendant NYC has been deliberately indifferent to the impact and consequences of the arrest policy and practices.

139. Defendant NYC has been deliberately indifferent to enacting prophylactic measures to mitigate the impact and consequences of false and/or retaliatory arrest practices.

140. The Defendant Police Officers, while acting under color of state and local law, engaged in conduct that constitutes policies, customs, and practices, procedure or rule of Defendant NYC, and/or NYPD, but which is forbidden by the Constitution of the United States.

141. These constitutional abuses and violations were, and are, directly and proximately caused by policies, practices and/or customs devised, implemented, enforced, promoted, encouraged and sanctioned by Defendant NYC, including but not limited to:

      (a) the failure to adequately and properly train, and supervise NYPD officers;

      (b) the failure to properly and adequately monitor and discipline NYPD officers;

      (c) the failure to adequately and properly screen and hire NYPD officers, and;

      (d) the failure to rectify the NYPD's epidemic of baseless stops, seizures, questions, searches arrests and prosecutions for alleged crimes.

142. In addition, senior officials in the NYPD are aware of and tolerate certain practices by subordinate employees.

143. Upon information and belief, the aforementioned practices constitute unwritten NYPD policies and customs because they are widespread, longstanding and deeply embedded in the culture of the agency.

144. Defendant NYC through the NYPD, has had, and still has hiring practices that it knows will lead to the hiring of police officers lacking the qualifications to discharge their duties in accordance with the Constitution of the United States and is deliberately indifferent to the consequences.

145. Defendant NYC through the NYPD, has had, and still has supervisory practices that it knows will lead to lax supervision of police officers whom lack the qualifications to discharge their duties in accordance with the Constitution of the United States and is deliberately indifferent to the consequences.

25

146. Defendant NYC through the NYPD, has had, and still has disciplinary practice that it knows neither sufficiently deters nor adequately punishes police officers whom willfully or negligently fail to discharge their duties in accordance with the Constitution of the United States.

147. Defendant NYC through the NYPD is deliberately indifferent to the consequences of its ineptitude.

148. Defendant NYC, through the NYPD, has a de facto policy that invites, inter alia, unlawful stops, searches, seizures and prosecutions.

148. Defendant NYC, through the NYPD, has de facto employee promotion policies and other financial and status incentives that encourage, inter alia, negligent investigations; the fabrication of evidence, and perjury.

150. Defendant NYC through the NYPD has de facto policies that encourage competition among employees which fosters, inter alia, improper manipulation of subordinates.

151. Defendant NYC through the NYPD's actions and omissions have created and maintained the perception among high-ranking supervisors that a supervisor who turns a blind eye towards evidence of officer harassment and intimidations, cover-ups, medical neglect, and other misconduct and fails to investigate these incidents, will suffer no damage to his or her career or financial penalty.

152. Defendant NYC, at all relevant times, was aware that the individual Defendant Police Officers routinely committed constitutional violations such as those at issue here and have failed to change their policies, practices, and customs to stop this behavior.

153. The Defendant NYC failed to properly and adequately investigate prior complaints filed against the defendants.

154. Defendant NYC, through the NYPD, at all relevant times, was aware that the individual Defendant Police Officers were unfit officers who have previously committed the acts alleged herein and/or has a propensity for unconstitutional conduct.

155. The Defendant NYC, through a policy, practice and custom, directly and proximately caused Plaintiff's deprivations and damages.

156. Nevertheless, the Defendant NYC exercised deliberate indifference by failing to take remedial action.

157. The existence of the aforementioned customs and practice may be inferred from repeated occurrences of similar wrongful conduct as documented in the civil rights actions filed against the Defendant NYC, including but not limited to the following cases:

a) Lotorto v. City of New York, 10CV1223(ILG)(JMA) (USDC EDNY), (police officers beat, arrest and destroy a video recording of a bystander who was recording an arrest occurring in public);

b) Schoolcraft v. City of New York, 10CV6005(RWS)(USDC SDNY), (police officer who exposed a precinct's policies and practices of illegal quotas for the issuance of summonses and arrests, falsifying evidence and suborning perjury alleges he was arrested and committed to a psychiatric facility in retaliation for exposing said policies and practices to the press);

c) Long v. City of New York, 09CV60990(AKH)(USDC SDNY); People v. Pogan, 6416-2018 (Sup. Ct. NY Co.) (police officer who purportedly swore out a false complaint and used excessive force is convicted of falsifying police records and was prosecuted for recklessly using physical force, the plaintiff was engaged in expressive conduct when he was as salted by the office); (police officer at the 24th precinct issues four (4) summonses to a woman for her lodging a complaint against him with the Civilian Complaint Review Board at the precinct)

d) Colon v. City of New York, (09CV0008)(USDC, EDNY); (police officers fired for falsifying evidence);

e) Taylor-Mickins v. City of New York, 09CV7923(RWS)(USDC SDNY);

f) Floyd, et al v. City of New York, (08 CV. 1034) (USDC SDNY) (SAS)

158. In addition, the following are City policies, practices and customs:

a) Falsely arresting innocent individuals, based on a pretext, in order to meet productivity goals;

b) Falsely swearing out criminal court complaints and/or lying and committing perjury during sworn testimony in order to protect other officers and to meet productivity goals;

c) Fabricating evidence against individuals;

d) Using and threatening the use of excessive force on individuals;

e) Retaliating against individuals who engage in free speech;

f) Ignoring the constitutional rights of the general public;

g) Ignoring the constitutional rights of the persons in their care and custody;

 h) Use force in an unreasonable, unnecessary, unjustified and excessive manner;

i) Failing to adequately instruct and supervise the officer under the defendant's care in the proper and appropriate care and treatment of individuals and detainees in their care and custody and control;

 j) Inadequately and/or improperly investigating complaints of harassment, intimidation, misconduct, use of force, abuse by officers and inadequate punishment of the subjects of those complaints;

 k) Tolerating acts of brutality;

 l) IAB and the Inspector General having substantially failed in their responsibility to investigate misconduct and discipline offenders;

 m) Having policies that operate to insulate police officers who engage in criminal or other serious official misconduct for detection, prosecution and punishment, and are maintained with deliberate indifference

 n) Allowing officers and supervisors to engage in patterns and practices of actively and passively covering up misconduct by fellow officers, thereby establishing and perpetuating a "code of silence" which has becomes ingrained in the defendants so to constitute a policy of Defendant NYC, and NYPD/NYPD; o) Failing to intervene to prevent the above practices.

159. That as a result of the foregoing, Plaintiff Felix is entitled to actual, general, special and compensatory damages against the defendant NYC, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

SEVENTH CAUSE OF ACTION: PENDANT NEW YORK STATE CLAIM FOR
NEGLIGENCE IN PERFORMANCE OF DUTIES

160. Plaintiff Felix hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, further allege:

161. That the Defendant Police Officers who were not acting within the scope of their duties, negligently, carelessly and recklessly performed their duties in that they failed to use such care in the performance of their duties as a reasonably prudent and careful police officers would have used under similar circumstances; in that they carelessly, recklessly and negligently stopped, searched and seized Plaintiff Felix without making a proper investigation.

162. That the aforesaid occurrence, to wit: stop, search and seizure and other deprivations of constitutional and civil rights were caused wholly and solely by reason of the negligence of the Defendants, its agents, servants and employees without any negligence on the part of Plaintiff Felix.

163. That by reason of the aforesaid, Plaintiff Felix was injured, incapacitated and prevented from his usual occupation and will, upon information and belief, be so incapacitated in the future, still suffers and upon information and belief, will continue to suffer mental pain, and the Plaintiff has been otherwise damaged.

164. That as a result of the foregoing, Plaintiff Felix is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

EIGHTH CAUSE OF ACTION: PENDANT NEW YORK STATE CLAIM FOR
NEGLIGENCE IN TRAINING AND SUPERVISING

165. Plaintiff Felix hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein and further allege:

166. That the Defendant NYC and the NYPD their agents, servants and employees, were negligent, careless and/or reckless in the training, supervision, direction, control, appointment and/or promotion of their agents, servants and employees.

167. That the Defendant NYC and the NYPD, their agents, servants and employees failed to train their employees to exercise the proper deportment and temperament; and to otherwise act as reasonable, prudent Police Officers.

168. That the Defendant NYC and the NYPD, their agents, servants and employees failed to give their employees proper instruction and re-enforcement as to their department, behavior and conduct as representatives of their employer; and, in that the Defendant NYC, their agents, servants and employees were otherwise reckless, careless and negligent.

169. That the aforesaid occurrences were caused wholly and solely by reason of the negligence of the Defendant NYC and the NYPD, its agents, servants and employees without any negligence on the part of Plaintiff Felix.

31

170. That the mistreatment and abuse of Plaintiff Felix as set forth above was the reasonably foreseeable consequence of said defendants' negligent conduct.

171. That as a result of the foregoing, Plaintiff Felix is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

NINETH CAUSE OF ACTION: PENDANT NEW YORK STATE CLAIM NEGLIGENT
<u>HIRING AND RETENTION</u>

172. Plaintiff Felix hereby repeats, reiterates and re-alleges each and every allegation contained herein with the same force and effect as if more fully and at length set forth herein.

173. That the Defendant NYC were careless and reckless in hiring and retaining as and for its employees, the above named individuals; in that the said Defendant Police Officers lacked the experience, deportment and ability to be employed by Defendant NYC; in that Defendant NYC failed to exercise due care and caution in its hiring practices, and in particular, in hiring the Defendant Police Officers who lacked the mental capacity and the ability to function as employees of Defendant NYC.

174. That Defendant NYC failed to investigate the above-named Defendant Police Officers' background and in that they hired and retained as employees of their Police Department individuals whose backgrounds contained information (based on information and belief) that revealed said Defendant Police Officers lacked the maturity, sensibility and intelligence to be employed by Defendant NYC Defendant; in that Defendant NYC knew of the lack of ability, experience, deportment and maturity of said Defendant Police Officers when they hired them to be employees' and, in that Defendant

32

NYC, their agents, servants and employees were otherwise careless, negligent and reckless.

175. That the aforesaid occurrence were caused wholly and solely by reason of the negligence of Defendant NYC, its agents, servants and employees without any negligence on the part of the Plaintiff.

176. That as a result of the foregoing, Plaintiff Felix is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

TENTH CAUSE OF ACTION: PENDANT NEW YORK STATE CLAIM CONSPIRACY

177. Plaintiff Felix hereby repeats, reiterates and re-alleges each and every allegation contained above with the same force and effect as if more fully set forth herein, and further allege:

178. As set forth above, the Defendant Police Officers entered into an actual or tacit agreement with a shared objective.

179. As set forth above, the Defendant Police Officers agreed to the course of action and means to accomplish said objective.

180. As set forth above, the Defendant Police Officer intentionally participated in the said plan.

181. As set forth above, the Defendant Police Officers, performed one or more of the unlawful overt acts and caused Plaintiff Felix damages that were a direct result of those acts.

33

182. In furtherance of their objective, the Defendant Police Officers performed two or more overt acts against Plaintiff Felix, which included without limitation the following:

a) Defendant Lamour stopped, searched and seized Plaintiff Felix without legal justification;

b) Defendant Lamour subjected Plaintiff Felix to excessive force;

c) Defendant Sgt. James Aitken authorized the arrest malicious prosecution and abuse of process to ensue, and;

d) Defendant Lamour maliciously prosecuted Plaintiff Felix.

183. As a result of the aforementioned, Plaintiff Felix suffered a deprivation of rights, privileges and immunities as well as severe and serious physical, psychological and emotional injuries.

184. That as a result of the foregoing, Plaintiff Felix is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

### ELEVENTH CAUSE OF ACTION: PENDANT NEW YORK STATE CLAIM VIOLATION OF NY CONSTITUTION and STATUTES

185. Plaintiff Felix hereby repeats, reiterates and re-alleges each and every allegation contained above with the same force and effect as if more fully set forth herein, and further allege:

186. Defendant Police Officers have applied the vertical patrol policy and trespass arrest practices in a manner that deprives Plaintiff Felix of his rights, privileges and

immunities secured to him by Constitution of the State of New York and related statutory law.

187. Defendant Police Officers are subject to, inter alia, Section 140.50 of the New York Criminal Procedure Law and Article I, Section 8, 11, 12 et seq. of the New York Constitution.

188. Defendant NYC have acquiesced in, ratified, and failed to address individual violation of Plaintiff Felix's constitutional rights, privileges and immunities and systemic deprivation those similarly situated to be free from unreasonable stop, searches and seizures.

189. These constitutional abuses were and are directly and proximately caused by policies, practices and/or customs devised, implemented, enforced, encouraged, and sanctioned by Defendant NYC, including: (a) the discriminatory failure to adequately and properly screen, train, support, and supervise NYPD officers; and (b) the discriminatory failure to adequately and properly monitor and discipline the NYPD officers.

190. By reason of the allegations contained herein, Plaintiff Felix was deprived of the following rights, without limitation: his rights to free speech and to peacefully assemble; to be free from retaliation for exercising his constitutional and statutory rights; to be free from unlawful search and seizures; to be free from gratuitous and excessive force and punishment; to be free from the deprivation of liberty without due process of law, as guaranteed to him by the Constitution and statutes of the State of New York and the Charter, rules and regulations of the City of New York.

191. The Defendant Police Officers' conduct manifested deliberate indifference to Plaintiff's constitutional rights, for which all Defendants are liable.

192. Defendant NYC, through the NYPD, has enforced, promoted, encouraged and sanctioned a policy, practice and/or custom of stopping and frisking, without the reasonable articulable suspicion of criminality required by the Constitution and laws of the State of New York.

193. Defendant NYC has enforced, promoted, encouraged and sanctioned a policy, practice and/or custom of arresting person, without probable cause to establish that a criminal offense has been or is being committed as required by the Constitution and laws of New York.

194. By sanctioning and enforcing the law in this manner, Defendant NYC intentionally and under color of state law has stopped, seized, questioned, searched, and/or arrested Plaintiff Felix without reasonable suspicion or probable cause that a crime has been committed, in violation of the Constitution and laws of the State of New York.

195. These constitutional abuses and violations were, and are, directly and proximately caused by policies, practices and/or customs devised, implemented, enforced, promoted, encouraged and sanctioned by Defendant NYC, including but not limited to:

      (a) the failure to adequately and properly screen, train, and supervise NYPD officers;

      (b) the failure to properly and adequately monitor and discipline NYPD officers; and

36

(c) the overt and tacit encouragement and sanctioning of, and the failure to rectify the NYPD's baseless questioning and false arrest practice.

196. That as a result of the foregoing, Plaintiff Felix is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

### TWELFTH CAUSE OF ACTION: PENDANT NEW YORK STATE CLAIM - <u>NEGLIGENCE</u>

197. Plaintiff Felix hereby repeats, reiterates and re-alleges each and every allegation contained above with the same force and effect as if more fully set forth herein and further allege:

198. As set forth above, if the Defendant Police Officers were not acting within the scope of their duty, then alternatively, they were negligent in their acts and omissions towards Plaintiff Felix.

199. Defendants owed a duty of reasonable care to Plaintiff Felix.

200. Defendants breached their duty of care to Plaintiff Felix.

201. If the Defendant Police Officers were not acting within the scope of their duty, then alternatively, their negligent acts and omissions actual and proximate cause of injuries and damages suffered by Plaintiff Felix.

202. As a result of the foregoing, Plaintiff suffered severe and serious physical, psychological and emotional injuries.

203. That as a result of the foregoing, Plaintiff Felix is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

THIRTEENTH CAUSE OF ACTION: PENDANT NEW YORK STATE CLAIM
RESPONDEAT SUPERIOR

204. Plaintiff Felix hereby repeats, reiterates and re-alleges each and every allegation contained above with the same force and effect as if more fully and at length set forth herein and further allege:

205. Defendant NYC and NYPD assume the risk incidental to the maintenance of its agents, assignees, employees, servants, or officers of as said risks attach to the consumers of the services provided by the Defendant Police Officers.

206. Inasmuch as the Defendant Police Officers were acting for, upon, and/or in furtherance of the business of their employer(s) and/or within the scope of their employment, Defendant NYC and NYPD are liable, jointly and severally, under the doctrine of respondeat superior for the tortuous actions of same.

207. That as a result of the foregoing, Plaintiff Felix is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

FOURTEENTH CAUSE OF ACTION: PENDANT NEW YORK STATE CLAIM FAILURE
TO PROTECT and INTERVENE

208. Plaintiff Felix hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully set forth herein, and further allege:

209. All Defendant Police Officers owed a duty to care and protect Plaintiff Felix while he was in their custody, control and care.

210. As set forth above, all Defendant Police Officers failed to protect Plaintiff Felix from known and dangerous harm.

211. Those individual Defendant Police Officers that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct; had an opportunity to prevent such conduct; had a duty to intervene, mitigate and/or stop the events alleged herein, and failed to, inter alia, report the unlawful conduct alleged herein to supervisors; investigate, sanction, and/or discipline and participant.

212. As set forth above, Defendant Police Officers failed to intervene, mitigate and/or stop the events alleged herein.

213. All Defendant Police Officers failed to report the unlawful conduct alleged herein to supervisors.

214. The Defendant NYC and NYPD, their agents, servants and employees failed to investigate, sanction, and/or discipline any of the Defendant Police Officers for their aforesaid unlawful conduct.

215. Due to the Defendant Police Officers' failure to protect Plaintiff Felix, he sustained damages.

39

216. As a direct and proximate result of this unlawful conduct, Plaintiff Felix sustained the damages herein alleged.

217. That as a result of the foregoing, Plaintiff Felix is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

FIFTEENTH CAUSE OF ACTION: PENDANT NEW YORK STATE CLAIM PRIMA FACIE TORT

218. Plaintiff Felix hereby repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if more fully and at length set forth herein and further allege:

219. The aforementioned acts and omissions of the defendants, their agents, servants, and employees, caused harm to be inflicted upon Plaintiff Felix motivated by disinterested malevolence and were the proximate cause of the damage visited upon him.

220. As a result of the foregoing, Plaintiff suffered injuries.

221. That as a result of the foregoing, Plaintiff Felix is entitled to actual, general, special, compensatory and punitive damages against the defendants, and attorney's fees, costs, expert's fees and disbursements pursuant to 42 U.S.C. § 1988.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

40

a) Actual, general and compensatory damages against all Defendant, jointly and severally;

b) Punitive damages in an amount sufficient punish individual Defendants and to deter other like them from repeating the same offenses, jointly and severally;

c) Special damages to cover all medical expenses and pecuniary losses;

d) Reasonable attorney's fees and costs pursuant to 28 U.S.C. § 1988; and

e) Such other and further relief as this Court deems just and proper.

Dated:  New York, New York
        The  2nd day of December 2015          /s/
                                        _____
                                        D. Andrew Marshall, Esq.
                                        Attorney for the Plaintiff
                                        225 Broadway, Suite 1804
                                        New York, New York 10007
                                        (212) 571-3030 (office)
                                        (212) 587-0570 (facsimile)
                                        marshall.law4@verizon.net